1922-CC11466

Electronically Filed - City of St. Louis - September 10, 2019 - 11:03 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

ELLEN EMBRY, individually and )
on behalf of all other similarly situated )
Missouri citizens, )
 )
    Plaintiff, ) No. _____
 )
v. ) Div. 1
 )
LITEHOUSE, INC., ) **JURY TRIAL DEMAND**
 )
    Defendant. )

Serve: LITEHOUSE, INC.
       Megan Johnson RAGT
       100 Litehouse Dr.
       Sandpoint ID 83864

**PETITION AND JURY DEMAND**

    Plaintiff, Ellen Embry, individually and on behalf of all similarly situated Missouri citizens, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

**CASE SUMMARY**

    1.    This case arises out of Defendant Litehouse, Inc.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its Litehouse brand products:

    Chunky Blue Cheese Dressing & Dip;
    Lite Blue Cheese Dressing & Dip;
    Big Blue Dressing & Dip;
    Original Blue Dressing & Dip;
    Ranch Dressing & Dip;
    Lite Ranch Dressing & Dip;
    Homestyle Ranch Dressing & Dip;
    Buttermilk Ranch Dressing & Dip;
    Salsa Ranch Dressing & Dip;
    Jalapeno Ranch Dressing & Dip;
    Thousand Island Dressing & Dip;

Honey Mustard Dressing & Dip;
Romano Caesar Dressing & Dip;
Bacon Blue Cheese Dressing & Dip;
Avocado Ranch Dressing & Dip;
Cotija Cilantro Dressing & Dip
Caesar Dressing & Spread;
Coleslaw Dressing;
Sweet French Style Dressing;
Parmesan Caesar Vinaigrette Dressing;
Cranberry Orange Apple Cider Vinaigrette Dressing;
Lemon Ginger Turmeric Apple Cider Vinaigrette Dressing;
Maple Apple Cider Vinaigrette Dressing;
Spice Fig Apple Cider Vinaigrette Dressing;
Blue Cheese Vinaigrette Dressing;
Poppyseed Dressing & Marinade;
Balsamic Dressing & Marinade;
Raspberry Dressing & Marinade;
Pear Gorgonzola Dressing & Marinade;
Pomegranate Blueberry Dressing & Marinade;
Red Wine Vinegar with Olive Oil Dressing & Marinade;
Greek Dressing & Marinade;
Italian Dressing & Marinade;
Sweet Onion Dressing & Marinade;
Mango Habanero Dressing & Marinade;
Siracha Lime Dressing & Marinade; and
Sesame Ginger Dressing & Marinade (the "Dressings").

2.   On the label of the Dressings, Defendant prominently represents that the Dressings contain "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" which leads Missouri citizens to believe that the Dressings do not contain artificial, synthetic ingredients.

3.   The Dressings, however, contain Xanthan Gum (the "Synthetic Ingredient"), which is used as thickener and preservative to stabilize and prevent the deterioration of processed foods in order to preserve the texture and prevent the separation of ingredients. FDA regulations specifically identify Xanthan Gum as a synthetic substance. *See* 7 C.F.R. 205.605(b).

4.   The Dressings contain an artificial, synthetic ingredient in direct contravention to their express representation.

5. Plaintiff and reasonable consumers reasonably believe, define, and assume that Dressings labeled "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" do not contain any artificial, synthetic preservatives.

6. Because the Dressings contain the Synthetic Ingredient, the representation that the Dressings contain "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" is unfair, false, deceptive, and misleading.

7. In addition, by claiming the Dressings contain "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives," the label of the Dressings creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Dressings do not contain artificial, synthetic ingredients, when in fact the Dressings do contain the Synthetic Ingredient. Moreover, the overall format and appearance of the label of the Dressings has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Dressings do not contain synthetic ingredients.

8. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

9. Plaintiff, Ellen Embry, is a Missouri citizen residing in the City of St. Louis, Missouri. On at least one occasion during the Class Period (as defined below), including in June, July, or August 2019, Plaintiff purchased Defendant's Chunky Blue Cheese Dressing & Dip at Dierbergs in St. Louis for personal, family, or household purposes. The purchase price of the Dressing was $4.49. Plaintiff's claim is typical of all class members in this regard. Moreover,

Electronically Filed - City of St. Louis - September 10, 2019 - 11:03 PM

the label of each of the Dressings is substantially similar such that Plaintiff has standing to bring claims on behalf of Dressings she has not actually purchased.

10. Defendant Litehouse, Inc., is an Idaho corporation with its principal place of business in Sandpoint, Idaho.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

12. Plaintiff believes and alleges that the total value of Plaintiff's individual claim is, at most, equal to the refund of the purchase price paid for the Dressings.

13. Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.

14. There is therefore no diversity or CAFA jurisdiction for this case.

15. Defendant cannot plausibly allege that it has sufficient sales of the Dressings in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

16. This Court has personal jurisdiction over Defendant as Defendant has more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Dressings for sale throughout the State of Missouri.

17. Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff is a resident of St. Louis and her injuries occurred in St. Louis.

18. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## ALLEGATIONS OF FACT

19. Defendant manufactures, sells, and distributes the Dressings.

20. The Dressings label states: "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives."

21. Knowing that consumers like Plaintiff are increasingly interested in purchasing products that do not contain potentially harmful, synthetic ingredients, Defendant sought to take advantage of this growing market by labeling the Dressings as containing "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives."

22. By affixing such a label to the packaging of the Dressings, Defendant can entice consumers like Plaintiff to pay a premium for the Dressings or pay more for them than they otherwise would have had the truth be known.

23. The label of the Dressings is deceptive, false, and misleading in that Defendant prominently represents that the Dressings contain "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives," when they do contain the Synthetic Ingredient.

24. The Dressings in fact do not contain "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives," because they contain the Synthetic Ingredient.

25. Consistent with FDA guidance, Plaintiff and reasonable consumers reasonably believe and assume that Dressings labeled "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" do not contain any synthetic ingredients.

26. Neither Plaintiff nor any reasonable consumer would expect to find the Synthetic Ingredient in Dressings labeled "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives."

27. Neither Plaintiff nor any reasonable consumer would know nor should know that the Synthetic Ingredient is artificial or synthetic when reviewing the Dressings' label.

28. Because of Defendant's deceitful label, Defendant could charge, and Plaintiff and Class Members paid, a premium for the Dressings.

29. The Dressings, moreover, were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" label.

30. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## CLASS ALLEGATIONS

31. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of ("Class Members" of the "Class"):

> All current Missouri citizens who purchased Litehouse brand Chunky Blue Cheese Dressing & Dip; Lite Blue Cheese Dressing & Dip; Big Blue Dressing & Dip; Original Blue Dressing & Dip; Ranch Dressing & Dip; Lite Ranch Dressing & Dip; Homestyle Ranch Dressing & Dip; Buttermilk Ranch Dressing & Dip; Salsa Ranch Dressing & Dip; Jalapeno Ranch Dressing & Dip; Thousand Island Dressing & Dip; Honey Mustard Dressing & Dip; Romano Caesar Dressing & Dip; Bacon Blue Cheese Dressing & Dip; Avocado Ranch Dressing & Dip; Cotija Cilantro Dressing & Dip Caesar Dressing & Spread; Coleslaw Dressing; Sweet French Style

Electronically Filed - City of St. Louis - September 10, 2019 - 11:03 PM

Dressing; Parmesan Caesar Vinaigrette Dressing; Cranberry Orange Apple Cider Vinaigrette Dressing; Lemon Ginger Turmeric Apple Cider Vinaigrette Dressing; Maple Apple Cider Vinaigrette Dressing; Spice Fig Apple Cider Vinaigrette Dressing; Blue Cheese Vinaigrette Dressing; Poppyseed Dressing & Marinade; Balsamic Dressing & Marinade; Raspberry Dressing & Marinade; Pear Gorgonzola Dressing & Marinade; Pomegranate Blueberry Dressing & Marinade; Red Wine Vinegar with Olive Oil Dressing & Marinade; Greek Dressing & Marinade; Italian Dressing & Marinade; Sweet Onion Dressing & Marinade; Mango Habanero Dressing & Marinade; Siracha Lime Dressing & Marinade; and/or Sesame Ginger Dressing & Marinade for personal, family or household purposes in the five years preceding the filing of this Petition (the "Class Period").

32. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

33. Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

34. There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

    a. Whether the "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" claim on the Dressings' label is false, misleading, and deceptive;

    b. Whether Defendant violated the MMPA by selling the Dressings with false, misleading, and deceptive representations;

   c. Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

   d. Whether the label of the Dressings creates false impressions and has the tendency and capacity to mislead consumers;

   e. Whether Defendant breach an express warranty;

   f. Whether Defendant was unjustly enriched; and

   g. The proper measure of damages sustained by Plaintiff and Class Members.

35. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff sand Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

36. Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

   a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

   b. Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

Electronically Filed - City of St. Louis - September 10, 2019 - 11:03 PM

c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

38. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Therefore, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### COUNT I

## Violation of Missouri's Merchandising Practices Act

39. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

40. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

41. Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts about the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Dressings contain "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" when it in fact they do contain the Synthetic Ingredient.

42. In addition, by claiming the Dressings contain "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" the label of the Dressings creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Dressings contain no artificial, synthetic ingredients, when in fact the Dressings do contain the Synthetic Ingredient. Moreover, the overall format and appearance of the label of the Dressings has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Dressings contain no artificial, synthetic ingredients.

43. The Dressings were therefore worth less than the Dressings as represented, and Plaintiff and Class Members paid extra or a premium for them.

44. Neither Plaintiff nor any reasonable consumer would expect the Synthetic Ingredient to be in Dressings labeled "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives."

45. Neither Plaintiff nor any reasonable consumer would know nor should know that Xanthan Gum is an artificial, synthetic ingredient.

46. Plaintiff and Class Members purchased the Dressings for personal, family, or household purposes and thereby suffered an ascertainable loss because of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Dressings and the value of the Dressings if they had been as represented.

47. Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons. § 407.025.2.

### Count Two - Breach of Express Warranty

48. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

49. Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Dressings contains "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives," guaranteeing to Plaintiff and the Class Members that the Dressings were in conformance with the representation.

50. This affirmation of fact and promise became part of the basis of the bargain in which Plaintiff and Class Members purchased Defendant's Dressings, and Plaintiff and Class Members relied on the affirmation when making their purchasing decisions.

51. Defendant breached its express warranty that the Dressings contained "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" by providing Plaintiff and Class Members with a product that contained the Synthetic Ingredient.

52. As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought Dressings that were not what they were represented to be, and they have spent money on Dressings that had less value than was reflected in the premium purchase price they paid for the Dressings.

53. Because Defendant made the affirmation of fact and promise directly on its own labels and packaging, privity is not required to bring this claim.

54. Because Defendant has actual knowledge that its Dressings contained the Synthetic Ingredient in contravention of its "REAL INGREDIENTS No Artificial Colors, Flavors or Preservatives" representation, pre-suit notice of this claim is not required.

55. Plaintiff and Class Members suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Dressings and the value of the Dressings if they had been as represented.

**Count Three – Unjust Enrichment**

56. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

57. By purchasing the Dressings, Plaintiff and the Class Members conferred a benefit on Defendant in the form of the purchase price of the Dressings.

58. Defendant appreciated the benefit because, were consumers not to purchase the Dressings, Defendant would have no sales and make no money.

59. Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Dressings.

60. Equity cannot in good conscience permit Defendant to be economically enriched

for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a. Grant certification of this case as a class action;

b. Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c. Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d. Award pre- and post-judgment interest;

e. Award reasonable and necessary attorneys' fees and costs; and

g. For all such other and further relief as may be just and proper.

Dated: September 10, 2019           Respectfully submitted,

By:   /s/ Matthew H. Armstrong
Matthew H. Armstrong (MoBar 42803)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:   314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran (MoBar 68659)
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas TX 75230
Tel:   972-387-4040
Email: stuart@stecklerlaw.com

Attorneys for Plaintiff and the Putative Class

Electronically Filed - City of St. Louis - September 10, 2019 - 11:03 PM